## Commonwealth v. Dadey

*Alexander Ogle,* District Attorney, for Commonwealth.

*Harold Kaminsky,* of *Kaminsky, Kelly & Wharton,* for defendant.

COFFROTH, P. J., May 21, 1971.—This is an appeal from defendant's summary conviction for speeding before the justice of the peace. At the outset, we have for consideration Commonwealth's motion to quash the appeal on the ground that it was not taken within the prescribed 10 day period and that a copy of the appeal was not served upon the district attorney, prosecutor or his counsel, as required by statute: 42 PS §3003.

It appears from the record that defendant voluntarily appeared at the office of the justice of the peace and paid his fine and costs without protest on March 25, 1971; the appeal is dated April 6, 1971, and was filed in the office of the clerk of courts on April 7, 1971. It is not denied that a copy of the appeal was not served as alleged by the district attorney. Quite clearly, the appeal was taken several days late.

Defendant requests the court to allow the appeal nunc pro tunc on the ground of extenuating circum-

stances: . . . "that the defendant was under the impression that it was necessary for him to pay the fine and that as expeditiously as possible he retain counsel in order to affect an appeal. The records will show that as soon as he retained counsel there was no delay in filing the said appeal." The settled rule of law is that in the absence of an affirmative showing of accident, fraud or excusable mistake the appellate court has no power to allow an appeal nunc pro tunc after the time allowed by the statute for appeal has expired: Commonwealth v. LeGrand, 336 Pa. 511; there must be exceptional circumstances to warrant an extension of time for filing: 10A PLE, Criminal Law, section 898. There are no such exceptional circumstances here. Although defendant may have acted in good faith and in ignorance of the requirements of law, the circumstances are neither exceptional nor compelling. Were we to recognize these facts as a basis for extending the time for appeal, we might as well dispense with the 10 day limitation; we would in effect eviscerate the statute. To the best of our knowledge there is no mandatory injunction upon the justice of the peace or any other person to advise a defendant as to his right of appeal in a summary proceeding, nor should such an obligation be imposed.

Our holding here is consistent with our decision in Commonwealth v. Wissinger, September Sessions 1970, no. 13, in which we quashed the appeal for failure to give the notice required by the statute.

### ORDER

Now, May 21, 1971, the appeal is quashed. Costs on defendant.